R. H. Rice, Elyria, for plaintiff in error.
A. W. Cinniger and W. R. Harlan, Lorain, for defendant in error.

## WAGNER v McPHIE

Ohio Appeals, 9th Dist, Lorain Co

No 603. Decided July 14, 1932

**PER CURIAM:**

The defendant claims, first, that the verdict is contrary to the manifest weight of the evidence.

After a consideration of the evidence con-

tained in the bill of exceptions, we are of the opinion that the verdict of the jury is sustained by the evidence and is not contrary to the weight thereof.

The defendant further contends that the court's general charge was prejudicial to him, in that, on page 181 of the bill of exceptions, it is shown that the court stated:

"I say to you further that the violation of a statute by the defendant, if you find he did so violate it, would not be negligence per se, that is, negligence in itself, but the statute says it would constitute prima facie liability, but this, of course, is not conclusive."

This statement as to prima facie liability, is, of course, incorrect, and we feel that this is an error made by the stenographer in transcribing what the judge said; but if the judge did charge as stated, he told the jury that a violation of the statute would only be prima facie liability and not conclusive, and taking this in connection with the other parts of the charge correctly given, together with the special requests of the defendant given before argument, we feel that no prejudicial error resulted to the defendant, especially when taken in connection with all the evidence offered by both the plaintiff and the defendant upon the question of liability.

The second complaint in regard to the charge is that the court, as shown on pages 181 and 182 of the bill of exceptions, submitted to the jury the question as to whether or not the accident happened in a business or closely built-up portion of the city of Lorain.

The evidence shows that the accident did not occur in the business or closely built-up portions of said city, but occurred in that part thereof where, at the time of the accident, a speed of 25 miles per hour or less was prima facie lawful. The defendant claims that it was the duty of the trial judge as a matter of law to charge, upon the evidence, that, under the circumstances, the defendant was driving his car at a prima facie lawful rate of speed, and should not have left that question to the jury.

No request was made by either party to have the court charge upon this particular question, either before argument or at the conclusion of the general charge, and we feel that under the circumstances the court did not commit any error in so doing.

The third complaint in regard to the general charge made by the defendant is that the court charged as to the duty of the defendant to pass to the left of the car driven by said plaintiff, when there was no direct allegation in the petition that the defendant was negligent in that particular; but after reading the petition and giving it a liberal construction and considering it in connection with all the evidence, we do not find any error in that respect.

The fourth and last complaint made by the defendant as to said charge, relates to the language used on page 183 of the bill of exceptions, as follows:

"The defendant further claims by his evidence that another automobile was parked on the north side of East Erie avenue and in front of plaintiff's car being driven near the north curb and that as it approached the parked car it turned to the left abruptly. This is denied by the plaintiff. I submit to you as questions of fact as to whether there was a car parked along the north curb and whether plaintiff turned her car to the left (if she did so turn it) in order to pass the parked car, or whether to change her course, about which changing of course the court instructed you prior to the argument of counsel."

However, we find no error in this respect.

After carefully reading the evidence and the briefs and the law applicable to the case, we are unanimously of the opinion that a righteous verdict was returned for the plaintiff and against the defendant.

Judgment affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur.